PORTER | SCOTT
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
David R. Norton, SBN 291448
Larissa C. Celaya, SBN 332882
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706
EMAIL: cfessenden@porterscott.com
dnorton@porterscott.com
lcelaya@porterscott.com

Attorneys for Defendants COUNTY OF SACRAMENTO and SHERIFF SCOTT JONES

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATE ADAMS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, a political subdivision of the state of California; SHERIFF SCOTT JONES in his individual and official capacity as Sheriff of the County of Sacramento, and DOES 1-10,<br><br>Defendants.<br>_________________________________/ | CASE NO.: 2:22-CV-01499-KJN<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF SACRAMENTO AND SHERIFF SCOTT JONES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**Date:** January 3, 2023<br>**Time:** 9:00 AM<br>**Dept.:** 25, 8th Floor<br>**Judge:** Hon. Kendall J. Newman<br><br>Complaint Filed: 08/24/22 |

/ / /

/ / /

/ / /

/ / /

/ / /

## TABLE OF CONTENTS

I.   INTRODUCTION……………………………………………………………….......…1

II.   FACTUAL BACKGROUND…………………………………………………………...2

III.   LEGAL STANDARD…………………………………………………………………...4

IV.   ARGUMENT……………………………………………………………………………5

    A.   Plaintiff's First Claim for Relief for Denial of Procedural Due Process under 42 U.S.C. § 1983 Fails as a Matter of Law…………………………………………………...5

        1.   Plaintiff's First Claim for Relief Fails Because She Fails to Allege Sufficient Facts to Support Constructive Discharge…………………………………………6

        2.   Plaintiff's First Claim for Relief Fails Because She Failed to Exhaust Internal Grievance Procedures………………………………………………………9

        3.   Plaintiff's First Claim for Relief Fails Against Defendant JONES in his Individual Capacity Because She Fails to Allege Sufficient Facts to Support Individual Liability…………………………………………………………...10

        4.   Plaintiff's First Claim for Relief Fails Against Defendant COUNTY Because Plaintiff Fails to Allege Sufficient Facts to Support Monell Liability……………12

        5.   Plaintiff's First Claim for Relief Against Defendant JONES in His Official Capacity Must be Dismissed…………………………………………………...13

    B.   Plaintiff's Second Claim for Relief for Deprivation of First Amendment Right to Freedom of Speech Fails as a Matter of Law……………………………………………………14

        1.   Plaintiff's Second Claim for Relief Fails Because Plaintiff's Speech Did Not Address an Issue of Public Concern and Plaintiff's Own Complaint Concedes She Was Not Constructively Terminated Because of Her Speech……………………14

        2.   Plaintiff's Second Claim for Relief Fails as a Matter of Law Because Plaintiff Failed to Allege Sufficient Facts to Support Constructive Discharge……………17

        3.   Plaintiff's Second Claim for Relief Fails Against Defendant JONES Because She Fails to Allege Sufficient Facts to Support Individual Liability…………………17

/ / /

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF SACRAMENTO AND SHERIFF SCOTT JONES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

4.     Plaintiff's Second Claim for Relief Fails Against Defendant COUNTY Because Plaintiff Fails to Allege Sufficient Facts to Support Monell Liability..............18

5.     Plaintiff's Second Claim for Relief Against Defendant JONES in His Official Capacity Must be Dismissed…………………………………………………...19

C.    Plaintiff's Third Claim for Relief for Conspiracy to Deprive Plaintiff of First Amendment Rights under 42 U.S.C. § 1983 Fails as a Matter of Law…………………………………19

D.    Plaintiff's Fourth Claim for Relief for Invasion of Privacy Fails as a Matter of Law……20

E.    Plaintiff's Sixth Claim for Relief for FEHA Retaliation Fails as a Matter of Law..........22

1.     Plaintiff's Sixth Claim for Relief Should be Dismissed Against JONES………...22

2.     Plaintiff's Sixth Claim for Relief Should be Dismissed Against the COUNTY….22

F.    Plaintiff's Seventh Claim for Relief for Violation of the California Public Safety Officer Procedural Bill of Rights Fails as a Matter of Law………………………………………23

V.    CONCLUSION…………………………………………………………………………………...23

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF SACRAMENTO AND SHERIFF SCOTT JONES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1

## <u>TABLE OF AUTHORITIES</u>

2

3
Cases

4

*Angarita v. St. Louis Cnty.*,

5
    981 F.2d 1537 (8th Cir. 1992) ........................................................................... 7

6
*Ashcroft v. Iqbal*,

7
    556 U.S. 662 (2009)................................................................................... 4, 11

8
*Baker v. McCollan*,

9
    443 U.S. 137 (1979)................................................................................. 11, 18

10
*Balla v. Hall*,

11
    59 Cal.App.5th 652 (2021) ............................................................................ 20

12
*Bell Atl. v. Twombly*,

13
    550 U.S. 544 (2007)......................................................................................... 4

14
*Brewster v. Bd. of Educ. of the Lynwood Unified Sch. Dist.*,

15
    149 F.3d 971 (9th Cir.1998) ........................................................................... 5

16
*Burrell v. City of Los Angeles*,

17
    209 Cal.App.3d 568 (1989) ........................................................................... 11

18
*Charles J. Rounds Co. v. Joint Council of Teamsters No. 42*,

19
    4 Cal.3d 888 (1971) ...................................................................................... 23

20
*City of Canton v. Harris*,

21
    489 U.S. 378 (1989)................................................................................. 12, 18

22
*Connick v. Myers*,

23
    461 U.S. 138 (1983)....................................................................................... 15

24
*Cotton v. County of San Bernardino*,

25
    2020 WL 5900154 (C.D. Cal., Sept. 1, 2020, No. EDCV182343VAPAGR) ...................................... 13

26
*Crowe v. County of San Diego*,

27
    608 F.3d 406 (9th Cir. 2010) ........................................................................ 19

28
/ / /

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF
SACRAMENTO AND SHERIFF SCOTT JONES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

*Davis v. Powell*,

   901 F. Supp.2d 1196 (S.D. Cal. 2012) ................................................................................ 19

*Desrochers v. City of San Bernardino*,

   572 F.3d 703 (9th Cir. 2009) ................................................................................ 15, 16

*Dotson v. Griesa*,

   398 F.3d 156 (2d Cir. 2005) ................................................................................ 9

*Eng v. Cooley*,

   552 F.3d 1062 (9th Cir. 2009) ................................................................................ 14, 15

*Ezra v. Leifer*,

   2018 WL 4191420 (C.D. Cal. Aug. 30, 2018) ................................................................................ 19

*Fitzgerald v. City of Fresno*,

   No. 121CV01409AWISAB, 2022 WL 1204707 (E.D. Cal., April 22, 2022) ....................................... 8

*Gillette v. Delmore*,

   979 F.2d 1342 (9th Cir. 1992) ................................................................................ 12, 18

*Hansen v. Black*,

   885 F.2d 642 (9th Cir. 1989) ................................................................................ 11

*Hargray v. City of Hallandale*,

   57 F.3d 1560 (11th Cir. 1995) ................................................................................ 7

*Harper v. City of Arcadia*,

   No. CV0802286MMMMANX, 2008 WL 11410019 (C.D. Cal. July 14, 2008) .................................. 9

*Hawran v. Hixson*,

   209 Cal.App.4th 256 (2012) ................................................................................ 20

*Hines v. Anchor Motor Freight*,

   424 U.S. 554 (1975) ................................................................................ 9

*Johnson v. Cate*,

   Case No. 1:10-cvf-00803-AWI-MJS (PC) (E.D. Cal. March 29, 2012) ............................................. 12

*Jones v. Lodge at Torrey Pines Partnership*,

   42 Cal.4th 1158 (2008) ................................................................................ 22

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF SACRAMENTO AND SHERIFF SCOTT JONES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

*Kalvinskas v. Cal. Inst. Of,*

    *Tech.*, 96 F.3d 1305 (9th Cir. 1996) ...................................................................................... 7

*Kentucky v. Graham,*

    473 U.S. 159 (1985) ...................................................................................................... 13

*Knappenberger v. City of Phx.*,

    566 F.3d 936 (9th Cir. 2009) ..................................................................................... 6, 7

*Lamb v. Montrose County Sheriff's Office*,

    No. 19-1274, 2022 WL 487105 (10th Cir. Feb 17, 2022) ...................................... 15

*M.G. v. Time Warner, Inc.*,

    89 Cal.App.4th 623 (2001) ........................................................................................ 20

*Mack v. South Bay Beer Distributors, Inc.*,

    798 F.2d 1279 (9th Cir. 1986) ..................................................................................... 4

*Magney v. Cnty. of Humboldt*,

    No. 17-CV-02389-HSG, 2018 WL 6460506 (N.D. Cal. Dec. 10, 2018) ............... 13

*McCoy v. Pac. Mar. Assn.*,

    216 Cal.App.4th 283 (2013) ...................................................................................... 22

*Monell v. Department of Social Services*,

    436 U.S. 658 (1978) ................................................................. 5, 12, 13, 14, 18, 19, 20

*Mullins v. Rockwell Int'l Corp.*,

    15 Cal.4th 731 (1997) .................................................................................................. 6

*Mullis v. United States Bankruptcy Court*,

    828 F.2d 1385 (9th Cir. 1987) ..................................................................................... 4

*Nissen v. Lindquist*,

    No. C16-5093 BHS, 2018 WL 466598 (W.D. Wash. Jan. 18, 2018) ....................... 8

*Oviatt v. Pearce*,

    954 F.2d 1470 (9th Cir. 1992) ................................................................................... 12

*Pareto v. FDIC*,

    139 F.3d 696 (9th Cir. 1998) ....................................................................................... 4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF SACRAMENTO AND SHERIFF SCOTT JONES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

*Parque v. Fort Sage Unified Sch. Dist.*,
  No. 2:15-CV-00044 MCE, 2015 WL 4164683 (E.D. Cal. July 9, 2015) ............................................. 5
*Paterno v. Superior Court*,
  163 Cal.App.4th 1342 (2008) ....................................................................................... 22
*Patsy v. Bd. of Regents*,
  457 U.S. 496 (1982) ..................................................................................................... 9
*Paul v. Davis*,
  424 U.S. 693 (1976) ..................................................................................................... 8
*Portley v. Kaiser Found. Hosps.*,
  No. C-83-620-RPA, 1983 WL 31122 (N.D. Cal. May 25, 1983) ....................................... 9
*Price v. Hawaii*,
  939 F.2d 702 (9th Cir. 1991) ...................................................................................... 19
*Price v. Operating Engineers Local Union No. 3*,
  195 Cal.App.4th 962 (2011) ....................................................................................... 20
*Quiller v. Barclays American Credit, Inc.*,
  727 F.2d 1067 (11th Cir. 1984) .................................................................................... 4
*Republic Steel v. Maddox*,
  379 U.S. 650 (1965) ..................................................................................................... 9
*Romano v. Rockwell Int'l Inc.*,
  14 Cal.4th 479 (1996) .................................................................................................. 6
*Schneider v. Scottsdale Unified Sch. Dist. No. 48*,
  No. CV-21-01521-PHX-SPL, 2022 WL 901418 (D. Ariz. Mar. 28, 2022) ..................... 6, 7
*Simmons v. Sacramento Cty. Superior Ct.*,
  318 F.3d 1156 (9th Cir. 2003) .................................................................................... 19
*Telesauraus VPC, LLC v. Power*,
  623 F.3d 998 (9th Cir. 2010) ....................................................................................... 4
*Terrell v. Univ. of*,
  *Tex. Sys. Police*, 792 F.2d 1360 ................................................................................ 15

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF
SACRAMENTO AND SHERIFF SCOTT JONES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

*Turner v. Anheuser-Busch, Inc.*,

   7 Cal.4th  (1994) ................................................................................................................ 6

*Wood v. Ostrander*,

   879 F.2d 583 (9th Cir. 1989) ................................................................................ 10, 17


Statutes

42 U.S.C. § 1983 .......................................................... 2, 5, 9, 10, 11, 12, 14, 17, 18, 19, 20

Cal. Gov. Code § 3304(c) ........................................................................................ 23


Rules

Fed. R. Civ. P. 8(a)(2) ......................................................................................... 4

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 4


 Other

5 Witkin, Summary 11th Torts § 648 (2022)…………………………………………………..22

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF SACRAMENTO AND SHERIFF SCOTT JONES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# I.

## __INTRODUCTION__

This is an employment action filed by former Rancho Cordova Police Chief, Plaintiff KATE ADAMS. Plaintiff resigned from the COUNTY OF SACRAMENTO in September 2021. According to the Complaint, the COUNTY OF SACRAMENTO discovered that Plaintiff sent an extremely offensive and racist image to a colleague in a private text message conversation with a text from Plaintiff which said, "Some rude racist just sent this!!"

Plaintiff does not deny sending the racist image. Instead, she claims she was simply "condemning an example of racisms to a friend." After an investigation into her conduct, Plaintiff alleges she was given a choice to either resign or be terminated. Plaintiff chose resignation and now sues the COUNTY for failing to provide her with post-termination due process. She also claims that her private text message constitutes a matter of public concern for which she was constructively terminated, which she claims is a violation of the First Amendment. She also asserts state law claims for invasion of privacy – false light, retaliation under the California Fair Employment and Housing Act ("FEHA"), and the California Public Safety Officer Procedural Bill of Rights.

Each of Plaintiff's claims against the COUNTY and Defendant SHERIFF SCOTT JONES are subject to dismissal at the pleading stage. First, Plaintiff fails to allege sufficient facts to demonstrate constructive discharge. In order to state a claim for constructive discharge under a forced resignation theory, Plaintiff must allege sufficient facts to show that she was effectively deprived of a free choice in the matter. Merely choosing resignation to avoid having to deal with the "court of public opinion" and "sensationalized media coverage" is not a coerced resignation as a matter of law. *See* Docket No. 1, Complaint, ¶ 61. Thus, each of Plaintiff's claims for relief which allege she suffered an adverse employment action must be dismissed. Additionally, Plaintiff's FEHA retaliation claim brought against Defendant JONES individually must be dismissed with prejudice because the claim is not viable against individual defendants.

There are numerous other defects with Plaintiff's Complaint. For example, even assuming Plaintiff properly alleged constructive discharge, then her First and Seventh Claims for Relief for which claim she was deprived of post-termination due process fail as a matter of law because she did not utilize

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF SACRAMENTO AND SHERIFF SCOTT JONES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

the internal grievance procedures under the Collective Bargaining Agreement. Plaintiff's federal civil rights claims also fail as applied specifically to the COUNTY and JONES because she failed to allege sufficient facts to support a 42 U.S.C. § 1983 claim against either defendant. Additionally, Plaintiff's false light claim must be dismissed because she failed to allege sufficient facts to identify a false statement made by either JONES or anyone at the COUNTY.

Accordingly, each of Plaintiff's claims asserted against the COUNTY and JONES must be dismissed. Because Plaintiff will not be able to cure the deficiencies, the dismissal should be without leave to amend.

## II.

## FACTUAL BACKGROUND

Plaintiff KATE ADAMS was the Chief of Police for the City of Rancho Cordova until her resignation on September 12, 2021. [Docket No. 1, Complaint, ¶ 1.] The Rancho Cordova Police Department falls within the jurisdiction of the Sacramento County Sheriff's Office ("SCS"), a department for which she served 27 years. *Id*. at ¶¶ 2-3.

Plaintiff alleges she was contacted by a Rocklin city official in February 2019 regarding possible misconduct by Sacramento County Sheriff's Captain LeeAnneDra Marchese involving the installation of surveillance cameras in a neighboring county. *Id*. at ¶ 28. Plaintiff claims she forwarded the allegation to the Department's Internal Affairs Division. *Id*. at ¶ 29.

On November 11, 2019, SCS Internal Affairs received a complaint regarding Plaintiff's alleged improper use of her home retention vehicle. *Id*. at ¶ 32. The complaint also alleged that Plaintiff used a homophobic slur at her daughter's softball events. *Id*. Plaintiff alleges the allegations were not substantiated. *Id*.

On January 1, 2020, SCS Internal Affairs received a second complaint regarding Plaintiff. *Id*. at ¶ 33. This complaint again alleged improper use of the home retention vehicle by Plaintiff, as well as Plaintiff's use of homophobic slurs at her daughter's softball events. *Id*. Plaintiff alleges the complaint was investigated and the allegations were not substantiated. *Id*.

Plaintiff was selected as the Chief of Police for the City of Rancho Cordova in March 2020. *Id*. at ¶ 34. Shortly after her selection as the Chief of Police, an additional complaint was made against Plaintiff

1    which again alleged improper use of her home retention vehicle, as well as the use of homophobic slurs.

2    *Id*. at ¶ 35. Plaintiff alleges the City of Rancho Cordova investigated the allegations and found them to be

3    unsubstantiated. *Id*. at ¶ 36.

4            The three complaints made against Plaintiff were made anonymously. *Id*. at ¶¶ 31, 35, 37, 38.

5    Plaintiff "became suspicious" that the complaints were made by either Marchese or Assistant

6    Commander, Gail Vazquez. *Id*. at 38. Plaintiff developed a "theory" that Marchese was "attempting to

7    catch [Plaintiff] violating some Department policy" in order to retaliate against Plaintiff. *Id*. at ¶ 41.

8            Plaintiff submitted a complaint to the COUNTY's Equal Employment Office on July 24, 2020

9    which alleged that Marchese had engaged in harassing and retaliatory behavior against Plaintiff. *Id*. at ¶

10   42. Marchese was interviewed as a result of the complaint. *Id*. at ¶ 43. Plaintiff claims that Marchese

11   revealed during the interview that Plaintiff had sent racist memes to Marchese and then-Sergeant Daniel

12   Morrisey. *Id*. at ¶ 43. Plaintiff also claims that Marchese stated during her interview that Marchese had

13   made it very clear to her supervisors over the years that Marchese had observed Plaintiff displaying racist

14   behavior. *Id*. at ¶ 46.

15           Plaintiff does not deny sending the racist images to Morrisey. In fact, she admits that on New

16   Year's Eve in 2013, she sent a "horribly racist meme" to Morrisey with the caption "Some rude racist just

17   sent this!!" *Id*. at ¶ 24. Plaintiff then sent a similarly racist meme to Morrisey with the caption "Oh, and

18   just in case u [sic] think I encourage this…" *Id*. at ¶ 24. Plaintiff does not provide details about the racist

19   image in her Complaint, however it is undisputed that the image shows a white man wearing sunglasses

20   and holding a beer, spraying a Black child in the back of the head with a garden hose. (Request for

21   Judicial Notice ("RJN"), ¶ 1, Exh. A; *see also* Complaint, ¶¶ 72, 73[1].) The caption reads: "Go be a nigger

22   somewhere else." *Id*.

23           The revelations regarding the racist images sent by Plaintiff resulted in an investigation into

24   Plaintiff's conduct. *Id*. at ¶ 52. Plaintiff alleges the review of the investigation was performed by John

25   McGinnis, who Plaintiff conclusorily alleges is a "close personal friend and political endorser" of

---

26   [1] Plaintiff makes reference to this March 4, 2022 Sacramento Bee article which provides detail of the

27   racist meme. Plaintiff alleges three factual inaccuracies with the article – none of which have anything to
     do with the substance of the racist photograph. Sacramento Bee Website: Local, *California police chief*

28   *put on leave in 2021 for racist post and anti-gay slurs, NAACP says*, (March 4, 2022),
     https://www.sacbee.com/news/local/article259055368.html

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF
SACRAMENTO AND SHERIFF SCOTT JONES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1    Defendant SHERIFF SCOTT JONES. *Id.* at ¶ 62.

2        At the conclusion of the investigation, Plaintiff alleges she was "discretely presented" with a

3    "Hobson's choice" by SCS: (1) be terminated by SCS; or (2) resign. *Id.* at ¶ 58. Plaintiff opted to forego

4    the disciplinary process and chose instead to resign from SCS in good standing. *Id.* at ¶¶ 61, 66.

5                                             **III.**

6                                    **LEGAL STANDARD**

7        To survive a motion to dismiss for failure to state a claim upon which relief can be granted

8    pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must make a "short and plain statement" providing

9    "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544,

10   550, 570 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). In this regard, the Plaintiff must proffer more than a

11   statement that is merely consistent with a valid theory of recovery. *Id.* at 557. Rather, the statement must

12   include "enough factual matter (taken as true) to suggest" a right to relief. *Id.* at 556.  In other words, the

13   statement must have "enough heft to show that the pleader is entitled to relief" and must "raise a right to

14   relief above a speculative level." *Id.*

15       A motion to dismiss is also appropriate where a plaintiff discloses some absolute defense or bar in

16   his pleading. Fed. R. Civ. P. 12(b)(6); *Quiller v. Barclays American Credit, Inc.*, 727 F.2d 1067, 1069

17   (11th Cir. 1984). Mere "conclusory allegations of law and unwarranted inferences are not sufficient to

18   defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).  "Threadbare recitals of

19   the elements of a [claim for relief], supported by mere conclusory statements, do not suffice." *Ashcroft v.*

20   *Iqbal*, 556 U.S. 662, 678 (2009).

21       A court may consider material that is properly subject to judicial notice on a motion to dismiss

22   pursuant without converting the motion into one for summary judgment. *See Mullis v. United States*

23   *Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir. 1987); *Mack v. South Bay Beer Distributors, Inc.*, 798

24   F.2d 1279, 1282 (9th Cir. 1986) ("on a motion to dismiss a court may properly look beyond the

25   complaint to matters of public record"). The Court may grant a motion to dismiss without leave to amend

26   if amendment would be futile.  *Telesauraus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

27   ///

28   ///

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF
SACRAMENTO AND SHERIFF SCOTT JONES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1

## IV.

2

## ARGUMENT

3

4
**A.** **Plaintiff's First Claim for Relief for Denial of Procedural Due Process under 42 U.S.C. § 1983 Fails as a Matter of Law**

5       Plaintiff's First Claim for Relief alleges violation of 42 U.S.C. § 1983 for alleged denial of

6 procedural due process. The claim is asserted against the COUNTY and SHERIFF JONES. "A § 1983

7 claim based upon procedural due process consists of (1) a deprivation of a liberty or property interest

8 protected by the Constitution, and (2) a denial of adequate procedural protections." *Parque v. Fort Sage*

9 *Unified Sch. Dist.*, No. 2:15-CV-00044 MCE, 2015 WL 4164683, at *4 (E.D. Cal. July 9, 2015), *citing to*

10 *Brewster v. Bd. of Educ. of the Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir.1998).

11       Plaintiff's First Claim for Relief fails for several reasons. First, Plaintiff fails to allege facts

12 sufficient to support a claim of constructive discharge. Plaintiff's claim is premised on a "coercion"

13 theory of constructive discharge, i.e. Plaintiff claims her resignation was coerced by her employer and

14 was thus involuntary. However, Plaintiff pleads nothing more than a choice between "two unpleasant

15 alternatives." The case law requires more. Plaintiff's failure to plead sufficient facts regarding her alleged

16 constructive discharge subject her claim to dismissal.

17       Alternatively, if Plaintiff did properly plead constructive discharge, then her claim for relief fails

18 because she failed to utilize the internal grievance procedures outlined by the Collective Bargaining

19 Agreement. Although exhaustion of internal grievance procedures is generally not required prior to

20 bringing suit under 42 U.S.C. § 1983, it is required in the specific circumstance of procedural due process

21 claims. Thus, if the Court accepts that Plaintiff properly pled an adverse employment action, then

22 Plaintiff's failure to grieve the adverse employment action subjects her case to dismissal.

23       Additionally, Plaintiff's claims against the COUNTY and JONES fail because Plaintiff failed to

24 plead sufficient facts against them to state a claim for relief under 42 U.S.C. § 1983. Specifically,

25 Plaintiff failed to plead facts to support a *Monell* claim against the COUNTY and failed to plead facts

26 showing that JONES personally participated in a constitutional violation against her. Finally, Plaintiff's

27 claim against JONES in his official capacity is duplicative of her claim against the COUNTY and should

28 be dismissed. Accordingly, Plaintiff's First Claim for Relief should be dismissed.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF SACRAMENTO AND SHERIFF SCOTT JONES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1

2

**1.    Plaintiff's First Claim for Relief Fails Because She Fails to Allege Sufficient Facts to Support Constructive Discharge**

3

An employee relinquishes her due-process-protected property interest by voluntarily resigning. *Knappenberger v. City of Phx.*, 566 F.3d 936, 942 (9th Cir. 2009). In the instant case, Plaintiff was not terminated from her position. Instead, she claims she was given the choice to either resign or be terminated. Complaint, ¶¶ 58, 88.

Under rare circumstances, an employee who resigns from employment may assert a claim for procedural due process violations. The courts characterize such resignations as involuntary and, in order for the plaintiff to plead sufficient facts to meet this standard, the plaintiff must allege sufficient facts to demonstrate constructive termination. *Schneider v. Scottsdale Unified Sch. Dist. No. 48*, No. CV-21-01521-PHX-SPL, 2022 WL 901418, at *8–10 (D. Ariz. Mar. 28, 2022), *citing to Knappenberger*, 566 F.3d at 941. In these circumstances, the Ninth Circuit recognizes two scenarios in which an employee can demonstrate constructive discharge: (1) resignation due to intolerable or discriminatory working conditions; or (2) resignation due to coercion by the employer. *Id*. In *Knappenberger*, the Ninth Circuit explained that "a resignation may be found involuntary if, from the totality of the circumstances, it appears that the employer's conduct in requesting or obtaining the resignation <u>effectively deprived the employee of free choice in the matter</u>." *Knappenberger*, 566 F.3d at 941, emphasis added.

Courts apply an objective standard to determine whether the conditions were sufficient for constructive discharge. *Turner v. Anheuser-Busch, Inc.*, 7 Cal.4th 1239, 128 (1994), abrogated on other grounds by *Romano v. Rockwell Int'l, Inc.*, 14 Cal.4th 479 (1996). The conditions prompting resignation must be "sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job." *Id*. at 1246. The resignation must be coerced, not merely a rational option chosen by the employee. *Id*. at 1247; *Mullins v. Rockwell Int'l Corp.*, 15 Cal.4th 731, 737 (1997) ("Constructive discharge occurs only when the employer coerces the employee's resignation, either by creating working conditions that are intolerable under an objective standard, or by failing to remedy objectively intolerable working conditions that actually are known to the employer.")

Here, Plaintiff alleges no facts to suggest that her resignation was due to "intolerable or discriminatory working conditions." Instead, she appears to claim involuntary resignation based on the

coercion theory. Complaint, ¶¶ 58, 88.

In explaining the analysis of a coercion theory, the Ninth Circuit stated that "[i]t is the employee's burden to come forward with sufficient evidence to demonstrate that a reasonable person in her position would feel he had no choice but to retire." *Knappenberger*, 566 F.3d at 941, *quoting Kalvinskas v. Cal. Inst. Of Tech.*, 96 F.3d 1305, 1308 (9th Cir. 1996). Claims of coercion are evaluated by an objective standard, rather than by the employee's "purely subjective evaluation." *Schneider*, No. CV-21-01521-PHX-SPL, 2022 WL 901418, at *9. The courts "reject cases in which the employee did have a choice, even if between comparatively unpleasant alternatives; and consider additional case-specific factors that cut against a finding of coercion, such as whether the employee was given an alternative to resignation or retirement, understood the choice, had a reasonable time in which to decide, or could select the timing of the retirement or resignation." *Knappenberger*, 566 F.3d at 941, *citing to Hargray v. City of Hallandale*, 57 F.3d 1560, 1568-70 (11th Cir. 1995) and *Angarita v. St. Louis Cnty.*, 981 F.2d 1537, 1544 (8th Cir. 1992).

Accordingly, to survive a motion to dismiss, Plaintiff must plead sufficient, objective facts, as opposed to conclusory, subjective statements, that support a claim that she was constructively discharged by being given the option to resign or be terminated. Plaintiff fails to do so. Instead, Plaintiff claims that some unidentified person told her that she could be terminated and "publicly mischaracterized as a racist" or "quietly resign" and "avoid being falsely maligned as a racist in the press." Complaint, ¶¶ 58, 88.

Plaintiff fails to allege any facts regarding who made such a statement to her, what specifically was said, or how much time she was given to decide between resignation or termination. These facts are essential to assessing Plaintiff's theory of constructive discharge and are entirely absent from the Complaint. Plaintiff also fails to allege any facts regarding her ability to contest the findings of the investigation. Indeed, as Plaintiff admits in her Complaint, the COUNTY sets forth a specific procedure for post-termination discipline which permits the Plaintiff an opportunity to contest the findings against her. Plaintiff alleges the allegations levied against her are false. If that is the case, then termination of her employment was not inevitable given that she had an opportunity to contest her termination in a post-termination appeal process. *See Knappenberger*, 566 F.3d at 941 ("Indeed, Knappenberger does not even allege that a termination would have been inevitable; he could have opted to continue his opposition to

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF SACRAMENTO AND SHERIFF SCOTT JONES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

the department's investigation.").

Plaintiff pleads nothing more than two "unpleasant alternatives." She claims that she resigned because she did not want to "contend with the Department in the court of public opinion" and "subject herself and her family to a predictable slew of unfavorable, sensationalized media coverage that defamed her character and could potentially put her family in danger." Complaint, ¶ 61. These concerns have nothing to do with the COUNTY. The fact that Plaintiff did not want to endure the media coverage that would follow her termination does not therefore mean that she was "coerced" by the COUNTY to resign, and the Court should rule as a matter of law that these facts are insufficient to state a claim for constructive discharge.

Plaintiff also alleges in her Complaint that she should have been afforded a "name-clearing" hearing. *Id*. at ¶ 87. She cites to case law which states that, when a public employee is terminated for reasons "sufficiently serious to stigmatize or otherwise burden the individual so that he is not able to take advantage of other employment opportunities," and the employer publicizes the stigmatizing charges, the process that must be afforded to the employee is a name-clearing hearing. *Id*., *citing to Fitzgerald v. City of Fresno*, No. 121CV01409AWISAB, 2022 WL 1204707, at * 11 (E.D. Cal., April 22, 2022).

Plaintiff's reliance on this legal authority is mistaken for several reasons. First, the authority relied on by Plaintiff involves circumstances in which the employee was actually terminated. That is not the case here. *Nissen v. Lindquist* is instructive. There, the court stated:

> "[Plaintiff] was not terminated. Instead, [Plaintiff] alleges that she was forced to resign. In other words, [Plaintiff] resigned from her position and asserts that the County violated her constitutional rights by not giving her prior notice of her resignation and an opportunity to contest her resignation. Thus, [Plaintiff's] claim is based on the publication of false charges instead of the loss of a liberty interest without notice or opportunity to contest false charges. Defamation, by itself, is not a violation of liberty interests. *Paul v. Davis*, 424 U.S. 693, 706 (1976)."

*Nissen v. Lindquist*, No. C16-5093 BHS, 2018 WL 466598, at *4 (W.D. Wash. Jan. 18, 2018).

Plaintiff's claim that she is entitled to a "name clearing hearing" is also erroneous because the employer did not "publicize the stigmatizing charges." Indeed, Plaintiff alleges that was the entire point of Plaintiff's resignation. Plaintiff resigned to avoid the charges being publicized as part of her termination. Plaintiff fails to allege sufficient facts to support her claim that she was entitled to a "name

clearing" hearing.

Plaintiff chose to resign in lieu of opposing the COUNTY's termination through the post-termination *Skelly* process. She cannot now sue the COUNTY for giving her the option. The claim should be dismissed against both the COUNTY and JONES for failing to allege sufficient facts to constitute employer coercion under a constructive discharge theory.

### 2.    Plaintiff's First Claim for Relief Fails Because She Failed to Exhaust Internal Grievance Procedures

Assuming, *arguendo*, that Plaintiff alleged sufficient facts to support a constructive discharge claim, then her First Claim for Relief should be dismissed for failure to exhaust internal grievance procedures under the Collective Bargaining Agreement ("CBA").

"As a general rule in cases to which federal law applies, federal labor policy requires that individual employees wishing to assert contract grievances must attempt use of the contract grievance procedure agreed upon by employer and union as the mode of redress ... A contrary rule which would permit an individual employee to completely sidestep available grievance procedures in favor of a lawsuit has little to commend it ... If a grievance procedure cannot be made exclusive, it loses much of its desirability as a method of settlement." *Portley v. Kaiser Found. Hosps.*, No. C-83-620-RPA, 1983 WL 31122, at *3 (N.D. Cal. May 25, 1983), *quoting Republic Steel v. Maddox*, 379 U.S. 650, 652-53 (1965); *see also Hines v. Anchor Motor Freight*, 424 U.S. 554, 563 (1975) ("…an employee cannot sidestep the grievance machinery provided in the contract ... unless he attempted to utilize the contractual procedures for settling his dispute with his employer, his suit against the employer in the District Court would be dismissed.").

The general rule is that "the exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to § 1983." *Patsy v. Bd. of Regents*, 457 U.S. 496, 516 (1982). However, "[w]here a plaintiff brings a § 1983 action alleging violation of procedural due process rights such as denial of a fair opportunity to be heard[,] failure to exhaust administrative remedies will bar the § 1983 suit." *Harper v. City of Arcadia*, No. CV0802286MMMMANX, 2008 WL 11410019, at *5 (C.D. Cal. July 14, 2008), *citing to Dotson v. Griesa*, 398 F.3d 156, 161 (2d Cir. 2005) ("Although a plaintiff is generally not required to exhaust administrative remedies prior to bringing a § 1983 suit, this

rule does not apply to procedural due process challenges if the plaintiff failed to avail himself of the very administrative procedures he attacks as inadequate").

Here, Plaintiff was a member of the Law Enforcement Management Association ("LEMA"). (RJN, ¶ 2.) A CBA existed between LEMA and the COUNTY at the time of Plaintiff's resignation in September 2021. *Id*., ¶ 2, Exh. B. The CBA contains an extensive grievance policy which lays out four steps for resolving a grievance internally pursuant to the CBA. *Id*. at Article V. The grievance and arbitration procedure "shall be used to process and resolve grievances arising under this Agreement." *Id*. at Article V, Sections 5.1, 5.2. The CBA includes an Article on Discipline and Discharge. *Id*. at Article XIV.

If we are to assume that Plaintiff's alleged constructive discharge claim is to be considered discipline and that Plaintiff should have been provided a *Skelly* hearing, then as a matter of law Plaintiff was also required to submit a grievance under the CBA for the alleged failure of the COUNTY to follow the discipline process in the CBA. In other words, Plaintiff cannot have it both ways. She cannot claim that she was subjected to discipline when she was forced to resign and therefore deprived of post-discipline due process, but also claim that she did not need to follow the grievance procedure outlined in the CBA for disciplinary-related matters.

Accordingly, if the Court finds that Plaintiff sufficiently pled facts to support constructive discharge, her First Claim for Relief should be dismissed for failure to exhaust internal grievance procedures under the CBA.

### 3. Plaintiff's First Claim for Relief Fails Against Defendant JONES in his Individual Capacity Because She Fails to Allege Sufficient Facts to Support Individual Liability

Even assuming Plaintiff's First Claim for Relief survives the above challenges, Plaintiff's claim should be dismissed as alleged against Defendant JONES in his individual capacity for failing to allege sufficient facts to support a claim against him. In order to state a claim under section 1983, Plaintiff must allege: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived Plaintiff of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). Plaintiff is also required to establish causation against each and every defendant. Indeed, "a public official is liable under § 1983 only if he *causes* the plaintiff to be subjected

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF SACRAMENTO AND SHERIFF SCOTT JONES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

to deprivation of his constitutional rights." *Baker v. McCollan*, 443 U.S. 137, 142 (1979) (emphasis in original) (internal quotations omitted).

In addition, supervisory personnel are <u>not</u> liable under § 1983 for the actions of their subordinates under a theory of *respondeat* superior.  *Iqbal*, 556 U.S. at 676-677.  Thus, Plaintiff must plead and prove that each of the supervisory defendants: (1) personally participated in the deprivation of constitutional rights; (2) knew of the violation and failed to act to prevent it; or (3) promulgated or implemented a policy so deficient that the policy is the moving force behind the constitutional violation. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Here, Plaintiff alleges no facts which support an allegation that Defendant JONES participated in the alleged resign or be terminated choice. Plaintiff alleges no facts which support an allegation that Defendant JONES personally deprived Plaintiff of her procedural due process rights, nor are there are facts alleged which support a claim that Defendant JONES took part in any decision regarding Plaintiff's procedural due process rights.

Instead, the sole fact alleged against Defendant JONES is that he selected John McGinnis to review the investigation into Plaintiff's misconduct. Complaint, ¶ 62. Plaintiff claims this was improper because Mr. McGinnis is a "close personal friend and political endorser." *Id*. This is insufficient as a matter of law. There are no facts alleged which would demonstrate that Mr. McGinnis was an "impartial reviewer." The mere allegation that he is a friend of Defendant JONES is insufficient. *See Burrell v. City of Los Angeles*, 209 Cal.App.3d 568, 582 (1989) ("Those principles are violated ... if the official or officials who take part in the proceedings are demonstrably biased or if, in the least, circumstances such as personal or financial interest strongly suggest a lack of impartiality.").

Plaintiff alleges no facts to support a claim that Defendant JONES personally participated in a deprivation of procedural due process against Plaintiff. Plaintiff's claim that Defendant JONES violated her due process rights by appointing Mr. McGinnis is insufficient as a matter of law to support a claim against Defendant JONES. Plaintiff alleges no facts – only speculation and conjecture – to suggest that Mr. McGinnis is an impartial reviewer. Accordingly, Plaintiff's First Claim for Relief against Defendant

1 | JONES in his individual capacity should be dismissed.

2 |         **4.**    **Plaintiff's First Claim for Relief Fails Against Defendant COUNTY Because**

3 |         **Plaintiff Fails to Allege Sufficient Facts to Support *Monell* Liability**

4 |         Even assuming Plaintiff pled sufficient facts to support a claim for a due process violation,

5 | Plaintiff's First Claim for Relief as alleged against the COUNTY should still be dismissed for failure to

6 | plead sufficient facts to support a *Monell* claim of liability.

7 |         Public entities are not vicariously liable for the actions of their employees under § 1983. *Monell v.*

8 | *Department of Social Services*, 436 U.S. 658, 691-94 (1978); *see also City of Canton v. Harris*, 489 U.S.

9 | 378, 385 (1989). Municipal liability arises only when the plaintiff shows: (1) deprivation of a

10 | constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to

11 | plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation.

12 | *City of Canton*, 489 U.S. at 389; *see also Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

13 |         In so doing, Plaintiff must plead and prove one of the following: (1) that a COUNTY employee

14 | "committed the alleged constitutional violation pursuant to a formal governmental policy or a

15 | longstanding practice or custom which constitutes the standard operating procedure of the local

16 | governmental entity;" (2) that the "individual who committed the constitutional tort was an official with

17 | final policy-making authority and that the challenged action itself thus constituted an act of official

18 | governmental policy;" or (3) "that an official with final policy-making authority ratified a subordinate's

19 | unconstitutional decision or action and the basis for it." *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th

20 | Cir. 1992) (internal quotations omitted). Plaintiff is required to allege facts, rather than conclusions, to

21 | support her municipal liability claim. *Johnson v. Cate*, Case No. 1:10-cv-00803-AWI-MJS (PC) (E.D.

22 | Cal. March 29, 2012) ("To state a cognizable claim, Plaintiff must support his conclusion with plausible

23 | factual allegations describing in detail a county policy that was the moving force behind the alleged

24 | constitutional violations.").

25 |         Plaintiff alleges no facts regarding a policy or practice, much less one that amounts to "deliberate

26 | indifference" to Plaintiff's constitutional rights. Nor does Plaintiff allege that such a policy or practice

27 | was the moving force behind the alleged constitutional violation. Instead, Plaintiff's Complaint alleges

28 | that the COUNTY *violated* the policy regarding post-termination due process – *not* that the policy or

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF SACRAMENTO AND SHERIFF SCOTT JONES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

procedure in place amounted to deliberate indifference and was a moving force behind her alleged constitutional deprivation. In other words, Plaintiff does not allege the existence of an unconstitutional policy or practice – she alleges that, in this single instance, the COUNTY deviated from a constitutional policy or practice. This is insufficient to support a *Monell* claim as a matter of law. *Magney v. Cnty. of Humboldt*, No. 17-CV-02389-HSG, 2018 WL 6460506, at *6 (N.D. Cal. Dec. 10, 2018) ("a plaintiff must allege facts demonstrating unconstitutional conduct attributable to a pervasive, long-standing practice with the force of law to survive at the motion to dismiss stage.").

To the extent Plaintiff argues that Defendant JONES' act of appointing John McGinnis to review the investigation is sufficient to establish a *Monell* claim, Plaintiff is again mistaken. As discussed above, the mere act of appointing John McGinnis to review the investigation does not constitute a constitutional violation. Plaintiff has failed to allege sufficient facts to support a claim that Mr. McGinnis was an impartial reviewer and, thus, his appointment constituted a violation of Plaintiff's constitutional rights. Accordingly, Plaintiff's First Claim for Relief as alleged against the COUNTY should be dismissed for failure to allege sufficient facts to state a claim for relief.

### 5.    Plaintiff's First Claim for Relief Against Defendant JONES in His Official Capacity Must be Dismissed

In addition to suing Defendant JONES in his individual capacity, Plaintiff also included Defendant JONES as a named defendant in his official capacity. The inclusion of Defendant JONES in his official capacity is duplicative and unnecessary. *Cotton v. County of San Bernardino*, 2020 WL 5900154, at *6 (C.D. Cal., Sept. 1, 2020, No. EDCV182343VAPAGR), citing to *Monell*, 436 U.S. at 690, fn. 55 (1978) and *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985) ("An official capacity suit against a local government official is the equivalent of a suit against the local governmental entity itself.").

Thus, JONES should be dismissed in his official capacity as his inclusion as an official capacity defendant is unnecessary and duplicative. Furthermore, JONES should be dismissed in his official capacity because the claims asserted against him in his official capacity fail for the same reasons they fail against the COUNTY.

///

**B.     Plaintiff's Second Claim for Relief for Deprivation of First Amendment Right to Freedom of Speech Fails as a Matter of Law**

Plaintiff's Second Claim for Relief is alleged against Defendants COUNTY and JONES for "Deprivation of First Amendment Right to Freedom of Speech" under 42 U.S.C. § 1983. Plaintiff's claim can be fairly characterized as a First Amendment retaliation claim. *Eng v. Cooley*, 552 F.3d 1062, 1070-1071 (9th Cir. 2009); *see also* Complaint, ¶ 97. The elements of a First Amendment retaliation claim are: (1) Plaintiff's speech addressed an issue of public concern; (2) Plaintiff spoke as a private citizen; (3) Defendant took an adverse employment action and Plaintiff's speech was a substantial or motivating factor in that action; (4) Defendant lacks an adequate justification for treating Plaintiff differently than members of the general public, and (5) Defendant would not have reached the same adverse employment decision in the absence of the protected conduct. *Eng*, 552 F.3d at 1070.

This claim for relief fails for several reasons. First, the speech in question – a racist image texted to a colleague – does not constitute a matter of public concern as a matter of law. Even if it did, Plaintiff admits she was not constructively terminated because she was "condemning…racism to a friend." Instead, her Complaint alleges she was constructively terminated because the COUNTY wanted to avoid the negative media attention associated with the alleged failure to report the racist text messages. Thus, she admits she was not "constructively terminated" *because of* her speech.

Second, as discussed above, Plaintiff fails to allege sufficient facts to support a claim of constructive discharge under a "coercion" theory. Additionally, even assuming Plaintiff alleged sufficient facts to show that she was constructively discharged for sending a racist text message, her claims as against the COUNTY and JONES fail as a matter of law for the same reasons as discussed in Section IV.A. Specifically, Plaintiff fails to allege sufficient facts to support a *Monell* claim against the COUNTY, fails to allege sufficient facts to support a claim that JONES personally participated in a constitutional violation under this claim for relief, and erroneously names JONES as a defendant in his official capacity. Accordingly, Plaintiff's Second Claim for Relief should be dismissed in its entirety.

**1.     Plaintiff's Second Claim for Relief Fails Because Plaintiff's Speech Did Not Address an Issue of Public Concern and Plaintiff's Own Complaint Concedes She Was Not Constructively Terminated Because of Her Speech**

In assessing whether speech pertains to an issue of public concern, courts have held that the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF
SACRAMENTO AND SHERIFF SCOTT JONES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1   "essential question is whether the speech addressed matters of 'public' as opposed to 'personal' interest."

2   *Desrochers v. City of San Bernardino*, 572 F.3d 703, 709 (9th Cir. 2009), *citing to Connick v. Myers*, 461

3   U.S. 138, 147 (1983). The inquiry is a question of law. *Eng*, 552 F.3d at 1070. The Plaintiff bears the

4   burden of showing that the speech addressed an issue of public concern based on the content, form, and

5   context of a given statement. *Desrochers*, 572 F.3d at 709. Speech addresses a matter of public concerns

6   when the content involves information that is necessary "to enable the members of society to make

7   informed decisions about the operation of their government." *Id.* at 710.

8        As for the form of the speech, courts have held that a "limited audience weighs against a claim of

9   protected speech." *Id.* at 714. A private text message between two friends, for example, is an indication

10  that the content of the message is *not* a matter of public concern. *Lamb v. Montrose County Sheriff's*

11  *Office*, No. 19-1274, 2022 WL 487105, at *7 (10th Cir. Feb 17, 2022) ("Here, the form of the speech, a

12  private text message to a close friend, again cuts in favor of concluding that the message did not involve

13  a matter of public concern. Speech in a form intended for primarily private consumption weighs against

14  such a finding; by contrast, speech in a form that may engender public action falls in favor of finding that

15  it did involve a matter of public concern."). In *Lamb,* the court further explained: "We do not suggest that

16  a private text message can never involve a matter of public concern, but Lamb's admittedly 'private' text

17  message to a close friend – neither visible to the public nor intended for public dissemination – falls far

18  closer to the private end of this spectrum, weighing against finding it involved a matter of public

19  concern." *Id.* at *7; *see also Terrell v. Univ. of Tex. Sys. Police*, 792 F.2d 1360, 1361-1363 (5th Cir.

20  1986) (entries from plaintiff's personal notebook that "fell into [his] supervisor's hands"

21  did not involve matters of public concern when plaintiff "made no effort to communicate the contents of

22  the notebook to the public."). As for context, the case law explains that "[t]o aid us in ascertaining when

23  speech ... rises to a level of public concern, we examine the context of the speech, particularly the *point*

24  of the speech." *Desrochers*, 572 F.3d at 715.

25        Here, the speech in question is the distribution of a racist image from Plaintiff to another

26  colleague in a private text message exchange. Plaintiff alleges in her Complaint that this is a matter of

27  public concern because she is "condemning an example of racism to a friend." Complaint, ¶ 98. Plaintiff

28  alleges no facts which would suggest that the content involves information necessary to "enable the

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF SACRAMENTO AND SHERIFF SCOTT JONES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

members of society to make informed decisions about the operation of their government." *Desrochers*, 572 F.3d at 710. This is not a situation, for example, where Plaintiff alleges she is condemning any particular type of racism in the department, or even in law enforcement generally. Instead, Plaintiff simply shared an extremely offensive and racist image with a colleague and stated that the image was sent to her. Complaint, ¶¶ 22-24. The analysis of the content of the speech in question demonstrates that the speech is not regarding a matter of public concern.

The form of the speech also weighs against the speech being a matter of public concern. This is not a social media post or speech made public in any way. It is a private text message between two colleagues. *See* Complaint, ¶ 22 ("The private speech at issue…" was a "friendly, casual text message conversation.") Indeed, it was *never intended to be made public at all*. The text message surfaced several years later as part of another investigation. *See* Complaint, ¶¶ 43-53. Plaintiff's private communications to a friend that were never intended to be made public indicates this is not a matter of public concern.

Plaintiff alleges no facts regarding the context of the text message to support her claim that it is a matter of public concern. Plaintiff claims her motivation in sending the text message was to condemn racism to a friend. However, even if the Court were to accept that conclusory statement as true, Plaintiff telling a friend in a private conversation that she is personally against racism is not a matter of public concern. This is particularly true in light of the analysis of the content and form of the speech discussed above. As a matter of law, the speech at issue is not a matter of public concern.

More fundamentally, Plaintiff's claim that she was terminated for condemning racism to a friend is contradicted by her own allegations. In fact, Plaintiff claims she was terminated by the County "out of a desire to conceal from the public the fact that its officers had failed to report a purportedly racist communication by a fellow officer for over seven (7) years." Complaint, ¶ 59. Plaintiff alleges that the "Department reasoned that, although the evidence did not show that there was racist intent behind the memes shared by Ms. Adams, her resignation was the best way to avoid a 'media circus' that could harm the reputation and political futures of all involved, particularly Sheriff Scott Jones, who had already announced his intention to run for Congress, and who was perceived by many to have a negative track record on race relations." *Id.* at ¶ 60.

In other words, Plaintiff's own Complaint alleges that the COUNTY did *not* "constructively

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF SACRAMENTO AND SHERIFF SCOTT JONES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

terminate" her for "condemning an example of racism to a friend." Instead, Plaintiff alleges that the COUNTY terminated her to avoid negative media attention surrounding the alleged failure to report the racist meme for several years. Thus, Plaintiff's own allegations concede that she was not constructively terminated for condemning racism to a friend, and her First Amendment retaliation claim must fail.

Plaintiff's communication of a racist image in a private text message, which she characterizes as condemning racism to a friend, is not a matter of public concern as a matter of law. Plaintiff's First Amendment claim should be dismissed for this reason alone. Even if the racist image in her private text messages did constitute a matter of public concern, Plaintiff admits she was not constructively terminated for communicating the racist image. Instead, she admits she was constructively terminated in for the COUNTY to avoid negative mediation attention regarding the alleged failure to report the racist text messages several years earlier. Accordingly, Plaintiff's Second Claim for Relief should be dismissed without leave to amend.

### 2. Plaintiff's Second Claim for Relief Fails as a Matter of Law Because Plaintiff Failed to Allege Sufficient Facts to Support Constructive Discharge

Even if Plaintiff adequately alleged that her speech was a matter of public concern, she fails to allege sufficient facts to support a claim of constructive termination. Plaintiff was not terminated by the COUNTY. She alleges no adverse employment actions taken against her with the exception of the claim that she was given the choice to resign or be terminated. Plaintiff chose resignation in lieu of termination, and now files suit claiming the choice was not voluntary. For the reasons discussed above in Section IV.A.1, Plaintiff fails to allege sufficient facts to support a claim that she was coerced by her employer to resign and thus her Second Claim for Relief must be dismissed.

### 3. Plaintiff's Second Claim for Relief Fails Against Defendant JONES Because She Fails to Allege Sufficient Facts to Support Individual Liability

As discussed above, in order to state a claim under section 1983, Plaintiff must allege: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived Plaintiff of a federal constitutional or statutory right. *Wood*, 879 F.2d at 587. Plaintiff is also required to establish causation against each and every defendant. Indeed, "a public official is liable under § 1983 only if he *causes* the plaintiff to be subjected to deprivation of his constitutional

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF SACRAMENTO AND SHERIFF SCOTT JONES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1    rights." *Baker*, 443 U.S. at 142 (emphasis in original) (internal quotations omitted).

2         Plaintiff alleges no facts against JONES as it pertains to her First Amendment retaliation claim.

3    The only facts alleged against JONES in the Complaint pertain to his appointment of John McGinnis to

4    review the investigation into Plaintiff's misconduct. Complaint, ¶ 62. This fact has no relevance to

5    Plaintiff's Second Claim for Relief. She fails to allege any facts which demonstrate that JONES

6    personally participated in First Amendment retaliation against her. Without such facts, JONES must be

7    dismissed as a defendant under this claim for relief.

8              **4.    Plaintiff's Second Claim for Relief Fails Against Defendant COUNTY
                    Because Plaintiff Fails to Allege Sufficient Facts to Support *Monell* Liability**

9

10        Plaintiff's claim against the COUNTY fails for similar reasons. As discussed above, public

11   entities are not vicariously liable for the actions of their employees under § 1983. *Monell*, 436 U.S. at

12   691-94. In order to hold the COUNTY liable for a section 1983 violation, Plaintiff must show: (1)

13   deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to

14   deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind

15   the constitutional violation. *City of Canton*, 489 U.S. at 389.

16        Here, Plaintiff fails to plead any facts which demonstrate that a COUNTY employee "committed

17   the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice

18   or custom which constitutes the standard operating procedure of the local governmental entity;" (2) that

19   the "individual who committed the constitutional tort was an official with final policy-making authority

20   and that the challenged action itself thus constituted an act of official governmental policy;" or (3) "that

21   an official with final policy-making authority ratified a subordinate's unconstitutional decision or action

22   and the basis for it." *Gillette*, 979 F.2d at 1346-47.

23        Plaintiff alleges no facts regarding a policy or practice, much less one that amounts to "deliberate

24   indifference" to Plaintiff's constitutional rights. Nor does Plaintiff allege that such a policy or practice

25   was the moving force behind the alleged constitutional violation. To the extent Plaintiff argues that

26   Defendant JONES' act of appointing John McGinnis to review the investigation is sufficient to establish

27   a *Monell* claim, Plaintiff is wrong. As discussed above, the mere act of appointing John McGinnis to

28   review the investigation does not constitute a constitutional violation. Even if it did under Plaintiff's

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF
SACRAMENTO AND SHERIFF SCOTT JONES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

procedural due process claim, it certainly does not under Plaintiff's First Amendment retaliation claim. There are no facts alleged that any official with final policy-making authority violated Plaintiff's First Amendment rights such that it could be considered an official government policy. Without any facts to support a *Monell* theory of liability against the COUNTY as it pertains to Plaintiff's First Amendment retaliation claim, Plaintiff claim for relief as alleged against the COUNTY must be dismissed.

> ### 5.   Plaintiff's Second Claim for Relief Against Defendant JONES in His Official Capacity Must be Dismissed

For the same reasons as articulated in Section IV.A.5, JONES should be dismissed from this claim in his official capacity because the claim is duplicative of the *Monell* claim against the COUNTY.

> ## C.   Plaintiff's Third Claim for Relief for Conspiracy to Deprive Plaintiff of First Amendment Rights under 42 U.S.C. § 1983 Fails as a Matter of Law

Plaintiff's Third Claim for Relief is for Conspiracy to Deprive Plaintiff of First Amendment Rights under 42 U.S.C. § 1983. To state a claim for conspiracy to violate civil rights under Section 1983, a plaintiff "must 'demonstrate the existence of an agreement or meeting of the minds' to violate constitutional rights." *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010). Conclusory allegations of conspiracy without factual specificity are insufficient to state a claim for conspiracy under Section 1983. *Simmons v. Sacramento Cty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Price v. Hawaii*, 939 F.2d 702, 708 (9th Cir. 1991); *see also Ezra v. Leifer*, 2018 WL 4191420, at *4 (C.D. Cal. Aug. 30, 2018) ("[T]he plaintiff 'must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate the plaintiff's constitutional rights.'"), *quoting Davis v. Powell*, 901 F. Supp.2d 1196, 1217 (S.D. Cal. 2012).

Here, Plaintiff's Third Claim for Relief is premised on the same conduct as her Second Claim for Relief. Plaintiff alleges Doe Defendants entered into an agreement with the COUNTY and JONES where the parties shared an objective to terminate Plaintiff's employment based on her sending racist text messages to a colleague. Complaint, ¶¶ 112-115.

This claim fails for several reasons. First, as discussed above, Plaintiff's First Amendment retaliation claim fails as a matter of law. Accordingly, her conspiracy claim premised on the same conduct also must fail because she has failed to allege the existence of a constitutional violation. Even

1   assuming, however, that Plaintiff pled sufficient facts to survive a motion to dismiss on her underlying

2   First Amendment retaliation claim, this conspiracy claim for relief still fails because she fails to allege

3   any facts to support her claim of an existence of an agreement. Indeed, Plaintiff does not even identify the

4   alleged co-conspirators, instead only identifying them as "Doe Defendants." Plaintiff's conclusory

5   allegations of a conspiracy constitute nothing more than a threadbare recital of the elements of a

6   conspiracy cause of action.

7       Additionally, this claim must be dismissed as against the COUNTY because, as discussed at

8   length above, there is no vicarious liability for the COUNTY under 42 U.S.C. § 1983. The COUNTY can

9   only be held liable for Section 1983 claims under a *Monell* theory of liability. Plaintiff fails to allege any

10   facts whatsoever which would substantiate a *Monell* theory of liability against the COUNTY or JONES

11   in his official capacity for her Section 1983 conspiracy claim.

12       This claim for relief must be dismissed as against the COUNTY and JONES because Plaintiff

13   failed to allege sufficient facts to support the claim for the underlying constitutional violation, as well as

14   the alleged conspiracy itself. Furthermore, Plaintiff fails to allege any facts to substantiate a *Monell*

15   theory of liability.

16       **D.**   **Plaintiff's Fourth Claim for Relief for Invasion of Privacy Fails as a Matter of Law**

17       Plaintiff's Fourth Claim for Relief for Invasion of Privacy – False Light is asserted against the

18   COUNTY and JONES. "False light is a species of invasion of privacy, based on publicity that places a

19   plaintiff before the public in a false light that would be highly offensive to a reasonable person, and

20   where the defendant knew or acted in reckless disregard as to the falsity of the publicized matter and the

21   false light in which the plaintiff would be placed." *Price v. Operating Engineers Local Union No. 3*, 195

22   Cal.App.4th 962, 970 (2011). "A false light claim…exposes a person to hatred, contempt, ridicule, or

23   obloquy and assumes the audience will recognize it as such." *M.G. v. Time Warner, Inc.*, 89 Cal.App.4th

24   623, 636 (2001). To establish a false light claim based on a defamatory publication, a plaintiff "must

25   meet the same requirements" as for a defamation claim. *Balla v. Hall*, 59 Cal.App.5th 652, 687 (2021),

26   *quoting Hawran v. Hixson*, 209 Cal.App.4th 256, 277 (2012).

27       Here, Plaintiff alleged Defendants "published materials and narratives which depict Ms. Adams in

28   a false light, out of the context in which communications were made." Complaint, ¶ 119. Plaintiff alleges

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF**
**SACRAMENTO AND SHERIFF SCOTT JONES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

the Defendants placed her in a false light as a racist by informing the Sacramento Bee newspaper that Plaintiff retired to avoid discipline. *Id*. at ¶¶ 119-120. As it pertains to comments from COUNTY employees, the Bee article states in pertinent part:

> "Sheriff's Office spokesman Sgt. Rodney Grassmann said the county hired an independent investigator to review the allegations. 'Allegations came to our attention that warranted an investigation,' Grassmann wrote. 'It was the Sheriff's decision to have county counsel appoint an outside investigator to investigate the allegation, to maintain independence and avoid any appearance of internal bias. Therefore, since it was not our investigation, we cannot comment further.'"

(RJN, ¶ 1, Exh. A.)

The article further states:

> "A Sacramento County spokesperson in an emailed response said the outside investigation concluded, and that the involved employee retired voluntarily before the Sheriff's Office could formally hand down discipline. 'At the Sheriff's Office request, Sacramento County Counsel hired an independent contractor to investigate the source of the picture that is depicted,' the county said in its statement. 'The investigation was completed, and the employee who was the subject of the investigation voluntarily retired before the Sheriff's Office could determine and implement formal disciplinary action.'"

*Id*.

As a preliminary matter, there are no statements made in the Bee article, nor are there any allegations contained in the Complaint that pertain to Defendant JONES making any statement which places in a false light. JONES should be dismissed from this claim for relief with prejudice.

Plaintiff's false light claim also fails as against the COUNTY because Plaintiff fails to allege sufficient facts regarding a false statement made by anyone at the COUNTY. Plaintiff alleges in her Complaint that the Bee article contains the false statement by the COUNTY that Plaintiff "retired to avoid discipline." Complaint, ¶ 121. Nowhere in the Bee article is that mentioned. Instead, it states that a COUNTY spokesperson told the Bee that Plaintiff "retired before the Sheriff's Office could determine and implement formal disciplinary action." However, based on Plaintiff's own allegations in her Complaint, that is not a false statement. The statement merely reflects the facts alleged by Plaintiff in the Complaint which is that she retired at a point in time before the COUNTY could determine and implement discipline. The statement contains no representation about the result of the investigation or

{02849866.DOCX}    21

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF SACRAMENTO AND SHERIFF SCOTT JONES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

any determination as to the truth or falsity of the allegations. Indeed, the statement does not even state that Plaintiff would in fact have received discipline as a result of the allegations. Further, to the extent Plaintiff's false light claim is premised on an omission, there is no "defamation by omission" cause of action recognized in California. *See* 5 Witkin, Summary 11th Torts § 648 (2022), *quoting Paterno v. Superior Court*, 163 Cal.App.4th 1342, 1352 (2008).

Because Plaintiff failed to plead sufficient facts to state that the COUNTY publicized false material regarding her, this claim must be dismissed without leave to amend. The same is true of the claim against Defendant JONES because there are no facts alleged in the Complaint which suggest he made a statement against Plaintiff which placed her in a false light.

### E.    Plaintiff's Sixth Claim for Relief for FEHA Retaliation Fails as a Matter of Law

#### 1.    Plaintiff's Sixth Claim for Relief Should be Dismissed Against JONES

Plaintiff's Sixth Claim for Relief is asserted against Defendant JONES individually for retaliation under the California Fair Employment and Housing Act ("FEHA"). Under well-established California Supreme Court precedent, individuals may not be held liable for FEHA retaliation. *Jones v. Lodge at Torrey Pines Partnership*, 42 Cal.4th 1158, 1173 (2008). Accordingly, Defendant JONES should be dismissed from this claim for relief without leave to amend.

#### 2.    Plaintiff's Sixth Claim for Relief Should be Dismissed Against the COUNTY

In order to establish a *prima facie* case of retaliation under FEHA, "a plaintiff must show (1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *McCoy v. Pac. Mar. Assn.*, 216 Cal.App.4th 283, 298 (2013).

Here, Plaintiff alleges she engaged in protected activity by lodging a complaint for hostile work environment. Complaint, ¶ 135. Thereafter, she claims she was "forced to resign based on her response to another unfounded accusation of racism." *Id*. at ¶ 136. Plaintiff alleges no other adverse employment actions were taken against her with the exception of the alleged constructive discharge.

For the reasons articulated in Section IV.A.1, Plaintiff fails to allege sufficient facts to support a claim that she was coerced by her employer to resign and thus her Sixth Claim for Relief must be dismissed.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF
SACRAMENTO AND SHERIFF SCOTT JONES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1

**F.    Plaintiff's Seventh Claim for Relief for Violation of the California Public Safety Officer Procedural Bill of Rights Fails as a Matter of Law**

2

3    Plaintiff's Seventh Claim for Relief is asserted against the COUNTY only and claims that she was

4    forced to resign in violation of the California Public Safety Officer Procedural Bill of Rights. Complaint,

5    ¶ 140; Cal. Gov. Code § 3304(c). Plaintiff's claim fails as a matter of law because Plaintiff did not plead

6    sufficient facts to support a claim for constructive discharge under the coercion theory as discussed above

7    in Section IV.A.1. Alternatively, even assuming Plaintiff did plead sufficient facts to support that she was

8    subjected to discipline by the COUNTY, her claim then fails for the same reasons as articulated in

9    Section IV.A.2 because she failed to allege sufficient facts to demonstrate that she complied with the

10    internal grievance procedures as set forth in the CBA. *See also Charles J. Rounds Co. v. Joint Council of*

11    *Teamsters No. 42*, 4 Cal.3d 888, 894 (1971) ("It is the general rule that a party to a collective bargaining

12    contract which provides grievance and arbitration machinery for the settlement of disputes within the

13    scope of such contract must exhaust these internal remedies before resorting to the courts in the absence

14    of facts which would excuse him from pursuing such remedies.").

15    Plaintiff failed to plead sufficient facts to support a claim that she was constructively discharged

16    under a coercion theory. Even if she did, she failed to exhaust her internal grievance procedures pursuant

17    to the CBA. Accordingly, Plaintiff's Seventh Claim for Relief should be dismissed.

18                                        **V.**

19                                  **CONCLUSION**

20    For the foregoing reasons, Defendants COUNTY OF SACRAMENTO and SHERIFF SCOTT

21    JONES respectfully request Plaintiff's Complaint be dismissed without leave to amend.

22

23    Dated:  November 21, 2022            PORTER SCOTT

24                                        A PROFESSIONAL CORPORATION

25                                        By    /s/ David R. Norton
26                                            Carl L. Fessenden
27                                            David R. Norton
                                            Larissa C. Celaya
27                                            Attorneys for Defendants

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF
SACRAMENTO AND SHERIFF SCOTT JONES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT