**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
David R. Norton, SBN 291448
Larissa C. Celaya, SBN 332882
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706
EMAIL: cfessenden@porterscott.com
dnorton@porterscott.com
lcelaya@porterscott.com

Attorneys for Defendants COUNTY OF SACRAMENTO and SHERIFF SCOTT JONES

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATE ADAMS, | CASE NO.: 2:22-CV-01499-WBS-KJN |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF SACRAMENTO AND SHERIFF SCOTT JONES' MOTION TO DISMISS PLAINTIFF KATE ADAMS' FIRST AMENDED COMPLAINT** |
| v. | |
| COUNTY OF SACRAMENTO, a political subdivision of the state of California; SHERIFF SCOTT JONES in his individual and official capacity as Sheriff of the County of Sacramento, and DOES 1-10, | **Date:** March 20, 2023<br>**Time:** 1:30 PM<br>**Courtroom:** 5, 14th Floor<br>**Judge:** Hon. William B. Shubb |
| Defendants. | Complaint Filed: 08/24/22<br>First Amended Complaint Filed: 01/30/23 |

///
///
///
///
///
///

{4891-8285-7039}                               i
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF SACRAMENTO AND SHERIFF SCOTT JONES' MOTION TO DISMISS PLAINTIFF KATE ADAMS' FIRST AMENDED COMPLAINT**

# I.

# INTRODUCTION

On January 10, 2023, this Court issued an order dismissing Plaintiff KATE ADAMS' claims arising out of the First Amendment. [Docket No. 16, pp. 10-13.] This Court correctly held that Plaintiff's alleged speech "was not a matter of public concern because the speech was intended to be private and does not relate to the personnel or functioning of the Department." *Id*. at pp. 12:27-13:3.

On January 30, 2023, Plaintiff filed a First Amended Complaint ("FAC"). [Docket No. 17.] Despite this Court's order, Plaintiff again included the claims for relief arising out of the First Amendment. *Id*. at "Count III" and "Count IV." The nature of the alleged speech did not change in the FAC. Plaintiff still claims she was constructively terminated by the COUNTY OF SACRAMENTO for texting a racist image to a colleague.

As this Court has already held, this alleged speech is not a public concern as a matter of a law, and the Third and Fourth Claims for Relief in the FAC should be dismissed with prejudice.[1]

# II.

# STATEMENT OF FACTS

Plaintiff KATE ADAMS was the Chief of Police for the City of Rancho Cordova until her resignation on September 12, 2021. [Docket No. 17, FAC, ¶ 1.] The Rancho Cordova Police Department falls within the jurisdiction of the Sacramento County Sheriff's Office ("SCS"), a department for which she served 27 years. *Id*. at ¶¶ 2-3.

Plaintiff alleges she was contacted by a Rocklin city official in February 2019 regarding possible misconduct by Sacramento County Sheriff's Captain LeeAnneDra Marchese involving the installation of surveillance cameras in a neighboring county. *Id*. at ¶ 42. Plaintiff claims she forwarded the allegation to the Department's Internal Affairs Division. *Id*. at ¶ 43.

On November 11, 2019, SCS Internal Affairs received a complaint regarding Plaintiff's alleged improper use of her home retention vehicle. *Id*. at ¶ 47. The complaint also alleged that Plaintiff used a homophobic slur at her daughter's softball events. *Id*. Plaintiff alleges the allegations were not

---

[1] Plaintiff also filed a Motion for Reconsideration regarding the Court's prior ruling related to the First Amendment claims, the hearing on which is set for March 6, 2023. (*See* Docket No. 19)

{4891-8285-7039}   1

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF SACRAMENTO AND SHERIFF SCOTT JONES' MOTION TO DISMISS PLAINTIFF KATE ADAMS' FIRST AMENDED COMPLAINT**

substantiated. *Id*.

On January 1, 2020, SCS Internal Affairs received a second complaint regarding Plaintiff. *Id*. at ¶ 53. This complaint again alleged improper use of the home retention vehicle by Plaintiff, as well as Plaintiff's use of homophobic slurs at her daughter's softball events. *Id*. Plaintiff alleges the complaint was investigated and the allegations were not substantiated. *Id*.

Plaintiff was selected as the Chief of Police for the City of Rancho Cordova in March 2020. *Id*. at ¶ 55. Shortly after her selection as the Chief of Police, an additional complaint was made against Plaintiff which again alleged improper use of her home retention vehicle, as well as the use of homophobic slurs. *Id*. at ¶ 59. Plaintiff alleges the City of Rancho Cordova investigated the allegations and found them to be unsubstantiated. *Id*. at ¶ 62.

Plaintiff submitted a complaint to the COUNTY's Equal Employment Office on July 24, 2020, which alleged that Marchese had engaged in harassing and retaliatory behavior against Plaintiff. *Id*. at ¶ 71. Marchese was interviewed as a result of the complaint. *Id*. at ¶ 72. Plaintiff claims that Marchese revealed during the interview that Plaintiff had sent racist memes to Marchese and then-Sergeant Daniel Morrisey. *Id*. at ¶¶ 80-85.

Plaintiff does not deny sending the racist images to Morrisey. In fact, she admits that on New Year's Eve in 2013, she "sent Morrisey a message stating, 'Some rude racist just sent this!!', along with two horribly racist images that she had received: one depicted a white man spraying a young black child with a hose and the text, 'Go be a n***** somewhere else,' and another featured an image of Will Ferrell and the text, 'Black people started wearing their pants low, white people called it 'saggin.' Spell sagging backwards…Those sneaky white people.'" *Id*. at ¶ 89. Plaintiff alleges these text messages demonstrate that Plaintiff "was condemning the images and their content." *Id*. at ¶ 91.

The revelations regarding the racist images sent by Plaintiff resulted in an investigation into Plaintiff's conduct. *Id*. at ¶ 98. At the conclusion of the investigation, Plaintiff alleges she was offered a "Hobson's choice" by SCS: (1) be terminated by SCS; or (2) resign. *Id*. at ¶ 105. Plaintiff opted to forego the disciplinary process and chose instead to resign from SCS in good standing. *Id*. at ¶¶ 112-113.

On November 21, 2022, Defendants COUNTY OF SACRAMENTO and SCOTT JONES filed a Motion to Dismiss Plaintiff's Complaint. [*See* Docket No. 7-1.] On January 10, 2023, the Court issued an

order dismissing the claims for relief arising out of the First Amendment. [Docket No. 16, pp. 10-13.] On January 30, 2023, Plaintiff filed the FAC, which included the same claims arising out of the First Amendment. [Docket No. 17.]

## III.

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must make a "short and plain statement" providing "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 550, 570 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). In this regard, the Plaintiff must proffer more than a statement that is merely consistent with a valid theory of recovery. *Id*. at 557. Rather, the statement must include "enough factual matter (taken as true) to suggest" a right to relief. *Id*. at 556. In other words, the statement must have "enough heft to show that the pleader is entitled to relief" and must "raise a right to relief above a speculative level." *Id*.

A motion to dismiss is also appropriate where a plaintiff discloses some absolute defense or bar in his pleading. Fed. R. Civ. P. 12(b)(6); *Quiller v. Barclays American Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984). Mere "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). "Threadbare recitals of the elements of a [claim for relief], supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court may consider material that is properly subject to judicial notice on a motion to dismiss pursuant without converting the motion into one for summary judgment. *See Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir. 1987); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) ("on a motion to dismiss a court may properly look beyond the complaint to matters of public record"). The Court may grant a motion to dismiss without leave to amend if amendment would be futile. *Telesauraus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

///

///

///

IV.

## ARGUMENT

**A.     Plaintiff's Third Claim for Relief for Deprivation of First Amendment Right to Freedom of Speech Fails as a Matter of Law**

Plaintiff's Third Claim for Relief is alleged against Defendants COUNTY and JONES for "Deprivation of First Amendment Right to Freedom of Speech" under 42 U.S.C. § 1983. Plaintiff's claim can be fairly characterized as a First Amendment retaliation claim. *Eng v. Cooley*, 552 F.3d 1062, 1070-1071 (9th Cir. 2009). The elements of a First Amendment retaliation claim are: (1) Plaintiff's speech addressed an issue of public concern; (2) Plaintiff spoke as a private citizen; (3) Defendant took an adverse employment action and Plaintiff's speech was a substantial or motivating factor in that action; (4) Defendant lacks an adequate justification for treating Plaintiff differently than members of the general public; and (5) Defendant would not have reached the same adverse employment decision in the absence of the protected conduct. *Eng*, 552 F.3d at 1070. This claim for relief fails because, as this Court has already held, the speech in question – a racist image texted to a colleague – does not constitute a matter of public concern as a matter of law.

### 1.     The Court Already Dismissed this Claim for Relief and the Amended Complaint Does Not Cure the Defect

First, this claim should be dismissed because the Court already ordered it be dismissed as part of its January 10, 2023 order. [Docket No. 16.] Plaintiff's FAC does not add any new allegations regarding the form, content, or context of the speech in question. *Compare* Docket No. 1, Complaint, ¶ 24 *with* Docket No. 17, FAC, ¶ 89. Indeed, the only substantive difference is that Plaintiff adds the specific nature of another racially charged text message she sent to her colleague on New Year's Eve in 2013. FAC, ¶ 89. As this Court held in its January 10, 2023 order, condemning racism to a friend "does not allege racist behaviors of any individual members of the Department nor the Department as a whole. Plaintiff makes no allegation that the racist images were in any way related to her job as chief of police. Moreover, the text messages were not intended for public viewing, weighing against a finding of public concern." [Docket No. 16, p. 12:17-26.] Nothing in the FAC changes this outcome. The Court should dismiss the Third Claim for Relief with prejudice.

### 2. Plaintiff's Third Claim for Relief Fails Because the Speech Does Not Pertain to an Issue of Public Concern

In assessing whether speech pertains to an issue of public concern, courts have held that the "essential question is whether the speech addressed matters of 'public' as opposed to 'personal' interest." *Desrochers v. City of San Bernardino*, 572 F.3d 703, 709 (9th Cir. 2009), *citing to Connick v. Myers*, 461 U.S. 138, 147 (1983). The inquiry is a question of law. *Eng*, 552 F.3d at 1070. The Plaintiff bears the burden of showing that the speech addressed an issue of public concern based on the content, form, and context of a given statement. *Desrochers*, 572 F.3d at 709. Speech addresses a matter of public concern when the content involves information that is necessary "to enable the members of society to make informed decisions about the operation of their government." *Id*. at 710.

As for the form of the speech, courts have held that a "limited audience weighs against a claim of protected speech." *Id.* at 714. A private text message between two friends, for example, is an indication that the content of the message is *not* a matter of public concern. *Lamb v. Montrose County Sheriff's Office*, No. 19-1274, 2022 WL 487105, at *7 (10th Cir. Feb 17, 2022) ("Here, the form of the speech, a private text message to a close friend, again cuts in favor of concluding that the message did not involve a matter of public concern. Speech in a form intended for primarily private consumption weighs against such a finding; by contrast, speech in a form that may engender public action falls in favor of finding that it did involve a matter of public concern."). In *Lamb,* the court further explained: "We do not suggest that a private text message can never involve a matter of public concern, but Lamb's admittedly 'private' text message to a close friend – neither visible to the public nor intended for public dissemination – falls far closer to the private end of this spectrum, weighing against finding it involved a matter of public concern." *Id*. at *7; *see also Terrell v. Univ. of Tex. Sys. Police*, 792 F.2d 1360, 1361-1363 (5th Cir. 1986) (entries from plaintiff's personal notebook that "fell into [his] supervisor's hands" did not involve matters of public concern when plaintiff "made no effort to communicate the contents of the notebook to the public."). As for context, the case law explains that "[t]o aid us in ascertaining when speech ... rises to a level of public concern, we examine the context of the speech, particularly the *point of the speech*." *Desrochers*, 572 F.3d at 715.

Here, the speech in question is the distribution of two racist images from Plaintiff to another

colleague in a private text message exchange. Plaintiff alleges in her Complaint that this is a matter of public concern because she is "condemning racism to a friend." FAC, ¶¶ 158. Plaintiff alleges no facts which would suggest that the content involves information necessary to "enable the members of society to make informed decisions about the operation of their government." *Desrochers*, 572 F.3d at 710. This is not a situation, for example, where Plaintiff alleges she is condemning any particular type of racism in the department, or even in law enforcement generally. Instead, Plaintiff simply shared an extremely offensive and racist image with a colleague and stated that the image was sent to her. FAC, ¶¶ 89. The analysis of the content of the speech in question demonstrates that the speech is not regarding a matter of public concern.

The form of the speech also weighs against the speech being a matter of public concern. This is not a social media post or speech made public in any way. It is a private text message between two colleagues. [Docket No. 1, Complaint, ¶ 22] ("The private speech at issue…" was a "friendly, casual text message conversation."); *see also* FAC, ¶¶ 22, 158.  Indeed, it was *never intended to be made public at all*. The text message surfaced several years later as part of another investigation. *See* Complaint, ¶¶ 80-91. Plaintiff's private communications to a friend that were never intended to be made public indicates this is not a matter of public concern.

Plaintiff alleges no facts regarding the context of the text message to support her claim that it is a matter of public concern. Plaintiff claims her motivation in sending the text message was to condemn racism to a friend. However, even if the Court were to accept that conclusory statement as true, Plaintiff telling a friend in a private conversation that she is personally against racism is not a matter of public concern. This is particularly true in light of the analysis of the content and form of the speech discussed above. As a matter of law, the speech at issue is not a matter of public concern. The Court already reached this conclusion in its January 10, 2023 order, and the FAC adds nothing to the alleged speech which should change the outcome. Accordingly, Plaintiff's Second Claim for Relief should be dismissed without leave to amend.

### B. Plaintiff's Fourth Claim for Relief for Conspiracy to Deprive Plaintiff of First Amendment Rights under 42 U.S.C. § 1983 Fails as a Matter of Law

Plaintiff's Fourth Claim for Relief is for Conspiracy to Deprive Plaintiff of First Amendment

1  Rights under 42 U.S.C. § 1983. To state a claim for conspiracy to violate civil rights under Section 1983,
2  a plaintiff "must 'demonstrate the existence of an agreement or meeting of the minds' to violate
3  constitutional rights." *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010). Conclusory
4  allegations of conspiracy without factual specificity are insufficient to state a claim for conspiracy under
5  Section 1983. *Simmons v. Sacramento Cty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Price v.
6  Hawaii*, 939 F.2d 702, 708 (9th Cir. 1991); *see also Ezra v. Leifer*, 2018 WL 4191420, at *4 (C.D. Cal.
7  Aug. 30, 2018) ("[T]he plaintiff 'must allege facts with sufficient particularity to show an agreement or a
8  meeting of the minds to violate the plaintiff's constitutional rights.'"), *quoting Davis v. Powell*, 901 F.
9  Supp.2d 1196, 1217 (S.D. Cal. 2012).

10  Here, Plaintiff's Fourth Claim for Relief is premised on the same conduct as her Third Claim for
11  Relief. Plaintiff alleges Doe Defendants entered into an agreement with the COUNTY and JONES where
12  the parties shared an objective to terminate Plaintiff's employment based on her sending racist text
13  messages to a colleague. Complaint, ¶¶ 171-175.

14  This claim fails for several reasons. First, as discussed above, Plaintiff's First Amendment
15  retaliation claim fails as a matter of law. Accordingly, her conspiracy claim premised on the same
16  conduct also must fail because she has failed to allege the existence of a constitutional violation. Even
17  assuming, however, that Plaintiff pled sufficient facts to survive a motion to dismiss on her underlying
18  First Amendment retaliation claim, this conspiracy claim for relief still fails because she fails to allege
19  any facts to support her claim of an existence of an agreement. Indeed, Plaintiff does not even identify the
20  alleged co-conspirators, instead only identifying them as "Doe Defendants." Plaintiff's conclusory
21  allegations of a conspiracy constitute nothing more than a threadbare recital of the elements of a
22  conspiracy cause of action.

23  Accordingly, Defendants request this claim for relief be dismissed with prejudice.
24  ///
25  ///
26  ///
27  ///
28  ///

V.

**CONCLUSION**

For the foregoing reasons, Defendants COUNTY OF SACRAMENTO and SHERIFF SCOTT JONES respectfully request Plaintiff's Third and Fourth Claims arising out of the First Amendment be dismissed with prejudice.

Dated:  February 13, 2023

PORTER SCOTT
A PROFESSIONAL CORPORATION

By   */s/ David R. Norton*
  Carl L. Fessenden
  David R. Norton
  Larissa C. Celaya
  Attorneys for Defendants