UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| KATE ADAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SACRAMENTO, a political subdivision of the state of California; SHERIFF SCOTT JONES in his individual and official capacity as Sheriff of the County of Sacramento, and DOES 1-10,<br><br>　　　　Defendants. | No. 2:22-cv-01499 WBS KJN<br><br><br>ORDER GRANTING MOTION FOR INTERLOCUTORY APPEAL[1] |

----oo0oo----

Plaintiff moves for certification of the court's March 27, 2023 Order (Docket No. 32) for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (Docket No. 37.) Defendants do not oppose the motion. (Docket No. 38.)

Under 28 U.S.C. § 1292(b), a district court may certify

---

[1] The court takes this motion under submission on the papers, without oral argument, pursuant to Local Rule 230(g).

1

1  for appeal an interlocutory order which is not otherwise
2  appealable if the district court is "of the opinion that such
3  order [1] involves a controlling question of law as to which [2]
4  there is substantial ground for difference of opinion and that
5  [3] an immediate appeal from the order may materially advance the
6  ultimate outcome of the litigation."  28 U.S.C. § 1292(b).  The
7  party seeking to appeal has the burden of justifying a departure
8  from the basic policy of postponing appellate review until after
9  the entry of a final judgment.  In re Cement Antitrust Litig.,
10 673 F.2d 1020, 1026 (9th Cir. 1982).

11         First, the court's dismissal of plaintiff's First
12 Amendment and First Amendment conspiracy claims involves a
13 controlling question of law.  A question of law is controlling if
14 "resolution of the issue on appeal could materially affect the
15 outcome of litigation in the district court" and it is not
16 collateral to the major issues of the case.  In re Cement, 673
17 F.2d at 1026.  However, "the Ninth Circuit has not limited
18 1292(b) motions to actions where the question is dispositive of
19 the entire action: 'we do not hold that a question brought here
20 on interlocutory appeal must be dispositive of the [entire]
21 lawsuit in order to be regarded as controlling.'"  Finder v.
22 Leprino Foods Co., 1:13-cv-02059 AWI BAM, 2016 WL 4095833, *3
23 (E.D. Cal. Aug. 1, 2016) (quoting Ass'n of Irritated Residents v.
24 Schakel Dairy, 634 F. Supp. 2d 1081, 1093 (E.D. Cal. 2008)
25 (quoting U.S. v. Woodbury, 263 F.2d 784, 787 (9th Cir. 1959))
26 (quotations omitted).

27         The question of law raised by plaintiff here is whether
28 speech made in a private text message, purportedly condemning an

2

example of racism to a friend, is protected First Amendment speech because it involves a matter of public concern. (Pl.'s Mot. at 2-3 (Docket No. 37).) If this issue were to be decided in plaintiff's favor, plaintiff would be able to proceed with her First Amendment claim. Her First Amendment conspiracy claim is also contingent on that question. Therefore, an immediate appeal would affect the outcome of both the third and fourth claims. Counsel represents that these are the primary claims plaintiff wishes to assert at trial.

Second, there is substantial ground for difference of opinion on the question at issue. 28 U.S.C. § 1292(b). To determine whether a substantial ground for difference of opinion exists, the court "must examine to what extent the controlling law is unclear." Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010). Here, the question addresses whether the speech at issue constitutes a matter for public concern. The Ninth Circuit has "not articulated a precise definition of 'public concern,' recognizing instead that such inquiry is not an exact science." Desrochers v. City of San Bernardino, 572 F.3d 703, 709 (9th Cir. 2009) (citations and internal quotations omitted). Instead, to determine "whether an employee's speech addresses a matter of public concern," a court must consider "the content, form, and context of a given statement, as revealed by the whole record." Eng, 552 F.3d at 1070 (citations and quotations omitted). The Ninth Circuit has expressly recognized the "difficulty [in] deciding when speech deals with an issue of 'public concern.'" Eng v. Cooley, 552 F.3d 1062, 1070 (9th Cir. 2009) (quoting McKinley v. City of Eloy, 705 F.2d 1110, 1113-14 (9th Cir.

1    1983)).

2             Third, the immediate appeal from the order is likely to
3    materially advance the ultimate outcome of the litigation.  28
4    U.S.C. § 1292(b).  Within the Ninth Circuit, courts have held
5    that "resolution of a question materially advances the
6    termination of litigation if it 'facilitate[s] disposition of the
7    action by getting a final decision on a controlling legal issue
8    sooner, rather than later [in order to] save the courts and
9    litigants unnecessary trouble and expense." Finder, 2016 WL
10   4095833, at *4 (citing United States v. Adams Bros. Farming,
11   Inc., 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004)).  Of course,
12   whether an immediate appeal would materially advance the ultimate
13   outcome of the litigation usually depends on whether the appeal
14   is successful.

15            Although plaintiff will still have pending claims
16   against defendants regardless of her success on appeal, an
17   immediate appeal need not resolve every claim.  See id. ("[T]o
18   materially advance litigation it is sufficient to remove a set of
19   claims against defendants in the lawsuit; it need not remove all
20   of the claims.") (citing Reese v. BP Exploration (Alaska) Inc.,
21   F.3d 681, 688 (9th Cir. 2011)).  And an immediate appeal could
22   avoid the need for two separate trials in the event this court's
23   dismissal of Claims 3 and 4 is reversed.

24            IT IS THEREFORE ORDERED that plaintiff's motion for
25   certification of this court's March 27, 2023 Order for
26   interlocutory appeal be, and the same hereby is, GRANTED.[2]

---

[2]      Contrary to plaintiff's attorney's understanding, under
28 U.S.C. § 1292(b) the court may properly consider a motion for

4

             IT IS FURTHER ORDERED that all proceedings in this case are STAYED pending the outcome of such appeal.  If no application is made to the United States Court of Appeals to the Ninth Circuit to accept the interlocutory appeal within ten (10) days as set forth in § 1292(b), or if the Ninth Circuit should deny any such application, the stay will automatically be lifted.  If the Ninth Circuit should accept any such application, the parties shall file a joint status report within fourteen days after resolution of the interlocutory appeal.

Dated:  May 12, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

certification of interlocutory appeal and is not limited to issuing the certification *sua sponte*.  In the federal courts, it is not uncommon to grant such formal motions to certify an interlocutory appeal.  See, e.g., Fed. Energy Reg. Comm'n v. Vitol Inc., No. 2:20-cv-00040-KJM-AC, 2022 WL 583998 (E.D. Cal. Feb. 25, 2022); L.A. Lakers, Inc. v. Fed. Ins. Co., --- F. Supp. 3d. ---, 2022 WL 16571193 (C.D. Cal. Oct. 26, 2022); Somberg v. Cooper, 582 F. Supp. 3d 438 (E.D. Mich. 2022) (certifying a First Amendment question); CFPB v. Navient Corp., 522 F. Supp. 3d 107 (M.D. Pa. 2021); Tantaros v. Fox News Network, LLC, 465 F. Supp. 3d 385 (S.D. N.Y. 2020).